**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Javier LUNA–HERRERA,
Defendant–Appellant.**

No. 97–50489.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 9, 1998.

Decided July 28, 1998.

Roger W. Haines, Jr., Assistant United States Attorney, San Diego, California, for plaintiff-appellee.

Shannon A. McAuliffe, Federal Defenders of San Diego, Inc., San Diego, California, for defendant-appellant.

Before: FLETCHER, FERNANDEZ, and RYMER, Circuit Judges.

FLETCHER, Circuit Judge:

Appellant Javier Luna–Herrera (Luna) pled guilty to unlawful entry into the United States following deportation, 8 U.S.C. § 1326(a) and (b)(2). He appeals the 78 month sentence he received, contending that the district court impermissibly double-counted a prior aggravated felony when, in addition to using the felony as the basis for a sixteen point increase in Luna's base offense level, pursuant to U.S.S.G. § 2L1.2(b)(2), it added three points to his criminal history score.

We have jurisdiction, 18 U.S.C. § 3742(a), and we affirm.

**I.**

Luna was sentenced in August 1997. The presentence report (PSR) indicated that he had three prior felony convictions: (i) in October 1990, Luna was convicted of transportation/sale of an illegal substance (cocaine), Cal. Health & Safety Code § 11352(a); (ii) in

April 1992 he was convicted of possession for sale of a controlled substance (cocaine), Cal. Health & Safety Code § 11351, and transportation/sale of a controlled substance, Cal. Health & Safety Code § 11352(a); and, (iii) in September 1994 he was convicted of being an alien found in the United States following deportation, 8 U.S.C. § 1326(a).

The Probation Office determined that a sixteen point increase, pursuant to U.S.S.G. § 2L1.2(b)(2) (1995)[1] (providing that the base offense level for unlawful reentry is to be increased by sixteen levels if defendant previously was deported after a conviction for an aggravated felony), was required. After a three level downward adjustment for acceptance of responsibility, U.S.S.G. § 3E1.1(a) & (b)(2), Luna's base offense was twenty-one. Luna's criminal history score totalled twelve. He received three points for each of his prior convictions, U.S.S.G. § 4A1.1(a), and two points each for committing the instant offense while on probation, U.S.S.G. § 4A1.1(d), and committing the instant offense less than two years after being released from custody, U.S.S.G. § 4A1.1(e).

The sentencing range was 70 to 87 months. The district court adopted the Probation Office's recommendation that a 78 month sentence be imposed. Luna argued at sentencing that the conviction that was used as the basis for the sixteen point increase in his base offense level should not be counted toward his criminal history score. The district court rejected the argument and Luna timely appealed.

## II.

■ Luna argues that his 1990 conviction should not be considered in the calculation of his criminal history score since that conviction was the basis of the § 2L1.2 enhancement.[2] Without the three points added for that conviction, Luna would be in a lower criminal history category and entitled to a

shorter sentence. We review Luna's claim de novo since it turns on whether the guidelines were properly applied to undisputed facts. *See United States v. Carvajal,* 905 F.2d 1292, 1295 (9th Cir.1990).

The application notes to the commentary regarding § 2L1.2, the section governing sentencing for unlawfully entering the United States, provide, "An adjustment under subsection ... (b)(2) [where defendant previously was deported after conviction of an aggravated felony] applies *in addition to* any criminal history points added for such conviction in Chapter Four, Part A (Criminal History)." U.S.S.G. § 2L1.2, commentary, n. 5 (emphasis added).

■ This note makes clear that the aggravated felony that was the basis for a sixteen point increase in defendant's base offense level also may be used in the calculation of the defendant's criminal history score. We reject Luna's contention that an application note to the commentary regarding section 4A, detailing the calculation of a defendant's criminal history score, leads to a different result. Section 4A1.1 provides that three points are to be added to a defendant's criminal history score for each "prior sentence" of imprisonment exceeding one year and one month. U.S.S.G. § 4A1.1(a). A "prior sentence" is defined in § 4A1.2. An application note to that section states:

> "Prior sentence" means a sentence imposed prior to sentencing on the instant offense, *other than a sentence for conduct that is part of the instant offense. See* § 4A1.2(a).... Conduct that is part of the instant offense means conduct that is relevant conduct to the instant offense under the provisions of § 1B1.3 (Relevant Conduct).[3]

U.S.S.G. § 4A1.2, commentary, n. 1 (emphasis added).

1. Luna was sentenced pursuant to the November 1, 1995 version of the Guidelines.

2. The indictment charging Luna listed two, prior aggravated felonies—the 1990 drug conviction and the 1994 federal conviction for being an alien found in this country after deportation. The government concedes that the 1994 convic-

tion does not constitute an aggravated felony. It is clear, then, that the 1990 conviction was the one used as the basis for the § 2L1.2 increase.

3. Relevant conduct includes "all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant." U.S.S.G. § 1B1.3(a)(1)(A).

Luna contends that his 1990 conviction is not a "prior sentence" because it is "relevant conduct" to his conviction for unlawful reentry. It does not appear that the Ninth Circuit has addressed this precise argument before. The only circuit to address this argument, the Second Circuit, has rejected it.[4] *See United States v. Torres–Echavarria,* 129 F.3d 692 (2d Cir.1997), *cert. denied,* — U.S. ——, 118 S.Ct. 1177, 140 L.Ed.2d 185 (1998). We agree with the Second Circuit.

▮ As noted by the Second Circuit, application note five to section 2L1.2 is unambiguous and explicitly permits the double counting about which Luna is protesting. *See Torres–Echavarria,* 129 F.3d at 699. Even if application note one to section 4A1.2 somehow cast doubt on the plain language of application note five to section 2L1.2, it is not applicable. Luna argues that his prior felony conviction is "relevant conduct" to his instant offense. We disagree. The prior felony conviction determines Luna's status. *See Torres–Echavarria,* 129 F.3d at 699 n. 3 (stating that prior felony conviction is not "conduct" within the meaning of section 4A1.2 but is instead a "prerequisite status determining the availability of additional penalties") (Jacobs, J., solely responsible for that footnote); *United States v. Alessandroni,* 982 F.2d 419, 420–21 (10th Cir.1992) (holding that a prior felony used as a predicate felony under 18 U.S.C. § 922(g)(1), possession of a firearm by a convicted felon, may also be used in the calculation of that defendant's criminal history score; the prior felony is not "conduct" relevant to § 922(g)); *see also, United States v. Parker,* 136 F.3d 653, 654 (9th Cir.1998) (noting that double-counting does not occur where "each enhancement of the defendant's sentence serves a unique purpose under the guidelines").

Luna suggests that *United States v. Arias–Granados,* 941 F.2d 996 (9th Cir.1991) supports his assertion that the prior felony conviction is relevant conduct. There, we stated that, "[a] prior felony conviction is an element of the crime ... 8 U.S.C. § 1326(b)(1)." *Id.* at 998. As pointed out by the Tenth Circuit, however, the proscribed *conduct* of the defendant which led to the prior felony conviction is not an element of 8 U.S.C. § 1326(b); rather, it is the defendant's status as having been convicted of a prior felony that is relevant. *Alessandroni,* 982 F.2d at 421.

Application note five of the commentary to section 2L1.2 unambiguously permits sentencing courts to use a defendant's prior felony conviction as the basis for a sixteen point increase pursuant to § 2L1.2, and in calculating a defendant's criminal history score. Application note one to § 4A1.2 is inapplicable. A prior felony conviction is not "conduct." [5]

## III.

The district court did not err in using Luna's prior conviction as a basis for the sixteen point increase pursuant to U.S.S.G. § 2L1.2(b)(2) and in calculating Luna's criminal history score.

We AFFIRM.

▮

---

4. The First and Fourth Circuits also have rejected this double-counting claim, *see United States v. Crawford,* 18 F.3d 1173, 1179–80 (4th Cir. 1994); *United States v. Zapata,* 1 F.3d 46, 49–50 (1st Cir.1993), but did so before note 1 was added to section 4A1.2 of the guidelines.

5. Luna also contends that violation of Cal. Health & Safety Code § 11352 does not constitute an aggravated felony. Luna did not raise this issue to the district court. As the district court's decision was not plain error, *see United States v. Lomas,* 30 F.3d 1191 (9th Cir.1994), and does not fall within the any of the other exceptions to the general rule that we will not address on appeal issues not first raised to the district court, *see Bolker v. Commissioner,* 760 F.2d 1039, 1042 (9th Cir.1985), we do not address this issue.