**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Jesus Alejandro HERNANDEZ–GARCIA, aka Jesus Alejandro Garcia,**
**Defendant—Appellant.**

**No. 05–50336.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 15, 2006.

Submission deferred Feb. 21, 2006.

Resubmitted July 7, 2006.

Filed July 12, 2006.

Becky S. Walker, Esq., Steve Kim, AUSA, Office of the U.S. Attorney Criminal Division, Los Angeles, CA, Sean K Lokey, Esq., Office of the U.S. Attorney, Riverside, CA, for Plaintiff–Appellee.

David J.P. Kaloyanides, Los Angeles, CA, for Defendant–Appellant.

Before: CANBY, NOONAN, and KLEINFELD, Circuit Judges.

## MEMORANDUM *

Jesus Alejandro Hernandez–Garcia appeals his 57–month sentence for his conviction of one count of being an alien found in the United States following deportation.

Even though the 57–month sentence is within Hernandez–Garcia's correctly calculated Sentencing Guidelines range, we have jurisdiction to review his challenge that this sentence is unreasonable.[1]

■ Hernandez–Garcia argues that his sentence is unreasonable because the Guidelines count his prior criminal history against him twice. He is arguing that it was unreasonable for the sentencing judge not to depart downwards because this "double counting" resulted in an "unreasonable" sentencing range. However, we have held that the method of counting used to determine Hernandez–Garcia's sentence is permissible.[2] Moreover, the overall sentence is reasonable. The record before us indicates that Hernandez–Garcia has twice been deported and that on each occasion he quickly re-entered the United States. The record also indicates that Hernandez–Garcia has committed numerous serious criminal offenses while in the United States, including grand theft, attempted burglary, and assault on a police officer with a firearm. On these facts, we do not believe that a sentence of 57 months—at the low end of the advisory Guidelines range—gives unreasonable weight to Hernandez–Garcia's prior criminal history.

■ Hernandez–Garcia next argues that his sentence is unreasonable because the sentencing judge did not consider the eight months he spent in state custody for his parole violation. Hernandez–Garcia's incarceration following his parole revocation was punishment for his earlier state crimes, not his illegal reentry.[3] Therefore

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. *United States v. Plouffe*, 445 F.3d 1126, 1128 (9th Cir.2006).

2. *See e.g. U.S. v. Luna–Herrera*, 149 F.3d 1054 (9th Cir.1998) (no error in using "prior conviction as a basis for the sixteen point increase pursuant to [§ 2L1.2] and in calculating [defendant's] criminal history score").

3. *United States v. Brown*, 59 F.3d 102, 104 (9th Cir.1995).

the sentencing judge did not abuse her discretion by failing to consider that time to reduce Hernandez–Garcia's federal sentence.

**AFFIRMED.**