UNITED STATES of America,
Plaintiff—Appellee,

v.

Arturo TORRES–CASTILLO,
Defendant—Appellant.

No. 06–50532.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 17, 2007.

Filed Nov. 1, 2007.

Orlando B. Gutierrez, Esq., USSD–Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Joan Kerry Bader, Esq., San Diego, CA, for Defendant–Appellant.

Before: PREGERSON, HAWKINS, and FISHER, Circuit Judges.

MEMORANDUM *

Arturo Torres–Castillo ("Torres") appeals his conviction and sentence for illegal reentry after removal under 8 U.S.C. § 1326. We affirm.

Torres was not denied a fair trial by the comments of prospective jurors and government witnesses. The district court's

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

instructions to the jury mitigated any harm arising from the comments of prospective jurors. The references by government witnesses to criminality were reasonable responses to valid questions that would not have unduly biased the jury.

■ The district court did not abuse its discretion in refusing to order that the government turn over grand jury transcripts to the defense. *See United States v. Walczak*, 783 F.2d 852, 857 (9th Cir. 1986) ("A trial judge should order disclosure of grand jury transcripts only when the party seeking them has demonstrated that a particularized need exists ... which outweighs the policy of secrecy.") (internal quotation marks and citation omitted).

■ Sufficient evidence did exist for a reasonable jury to find that Torres committed the crime of illegal reentry. The jury could have reasonably inferred Torres's intent to voluntarily enter the country from the fact that he was found in the trunk of a car crossing the border.

The district court did not err in refusing to suppress Torres's statements from his immigration hearing. *See United States v. Solano–Godines*, 120 F.3d 957, 960–62 (9th Cir.1997). Further, Torres's various arguments that documents from his "A-file" should have been suppressed have also been foreclosed by this court. *See United States v. Loyola–Dominguez*, 125 F.3d 1315, 1317–18 (9th Cir.1997) ("A-file" documents fall under the public records hearsay exception); *United States v. Weiland*, 420 F.3d 1062, 1077 (9th Cir.2005) (public records not testimonial and their admission not barred by the Confrontation Clause); *United States v. Cervantes–Flores*, 421 F.3d 825, 832–34 (9th Cir.2005) (per curiam) (Certificate of Nonexistence of a Record is not testimonial).

Absent a due process violation that results in prejudice, Torres cannot collaterally attack his underlying removal. *See United States v. Muro–Inclan*, 249 F.3d 1180, 1182 (9th Cir.2001). Torres's 2004 removal hearing was valid. In that hearing, Torres told the IJ that he wished to return to Mexico. Torres was also bound by a plea agreement not to contest his removal. Moreover, he has not established that he had a "plausible" ground for relief from deportation. *United States v. Arrieta*, 224 F.3d 1076, 1079 (9th Cir.2000).

Torres also challenges his sentence on various grounds. We reject these challenges and affirm the sentence. This court has upheld the "double-counting" of prior convictions under § 2L1.2(a) of the United States Sentencing Guidelines. *United States v. Luna–Herrera*, 149 F.3d 1054, 1055–56 (9th Cir.1998).

■ Torres's sentence did not violate *Apprendi*. In increasing the statutory maximum sentence for attempted illegal reentry, the district court found only the fact of a prior felony conviction, which is expressly exempted from the *Apprendi* rule. *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000); *see also United States v. Covian–Sandoval*, 462 F.3d 1090, 1096 (9th Cir. 2006). The judge was not required to find any additional facts, because the jury necessarily found the fact of Torres's 2004 removal in rendering its verdict. *See United States v. Martinez–Rodriguez*, 472 F.3d 1087, 1092 (9th Cir.2007) ("[B]ecause all of the evidence of prior removal presented to the jury related to removals that were subsequent to Martinez's prior aggravated felony conviction, the jury necessarily found beyond a reasonable doubt that Martinez's prior removal was subsequent to a conviction for commission of an aggravated felony.") (internal quotation marks omitted).

Finally, the district court adequately considered the factors laid out in 18 U.S.C.

§ 3553(a) in making its sentencing decision. *United States v. Mix,* 457 F.3d 906, 912 (9th Cir.2006) (holding that judges "need not rehearse on the record all of the considerations that 18 U.S.C. § 3553(a) lists").

**AFFIRMED.**