**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Jose Luis PEREZ–GOMEZ,
Defendant—Appellant.**

**No. 07–50404.**

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 24, 2008.*

Filed Dec. 2, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

David L. Katz, Esquire, Assistant U.S., Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Keith H. Rutman, Law Offices of Keith H. Rutman, San Diego, CA, for Defendant–Appellant.

Before: ALARCÓN, LEAVY and TALLMAN, Circuit Judges.

## MEMORANDUM **

Jose Luis Perez–Gomez appeals from the 70–month sentence imposed following his guilty-plea conviction for being a deported alien found in the United States, in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm, but remand to correct the judgment.

Perez–Gomez contends that the district court's application of a 16–level sentencing enhancement under U.S.S.G. § 2L1.2(b)(1)(A) rendered his sentence unreasonable and resulted in impermissible double counting. He also contends that his sentence is unreasonable because the district court denied his motion to depart downward one criminal history point.

We conclude that no impermissible double counting occurred and that the sentence is substantively reasonable. *See United States v. Luna–Herrera,* 149 F.3d 1054, 1055 (9th Cir.1998) (sentencing courts are permitted to use a defendant's prior felony conviction as the basis for an offense level increase and in calculating a defendant's criminal history score); *see also Gall v. United States,* —— U.S. ——, 128 S.Ct. 586, 596–97, 169 L.Ed.2d 445 (2007).

In accordance with *United States v. Rivera–Sanchez,* 222 F.3d 1057, 1062 (9th Cir. 2000), we remand the case to the district court with instructions that it delete from the judgment the incorrect reference to 8 U.S.C. § 1326(b). *See United States v. Herrera–Blanco,* 232 F.3d 715, 719 (9th Cir.2000) (remanding sua sponte to delete the reference to § 1326(b) because it is a sentencing enhancement and not a separate punishable offense).

**AFFIRMED; REMANDED** to correct the judgment.

R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.