**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Juan Carlos MEZA, aka Juan Meza, aka Carlos Meza, aka Juan Carlos Meza Gonzalez, Defendant–Appellant.**

No. 08–50077.

United States Court of Appeals, Ninth Circuit.

---

Submitted March 10, 2009.*

Filed March 19, 2009.

Brock H. Lunsford, Esquire, Michael J. Raphael, Esquire, Assistant U.S., Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Kathryn Ann Young, Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before: HAWKINS, BERZON and CLIFTON, Circuit Judges.

MEMORANDUM **

Juan Carlos Meza appeals his 63–month prison sentence, followed by a three-year term of supervised release, for being an illegal alien found in the United States following deportation, in violation of 8 U.S.C. § 1326. We affirm Meza's sentence and remand to the district court only to conform the judgment and commitment order to the oral pronouncement of sentence.

The district court committed no significant procedural error at Meza's sentencing, nor is his sentence substantively unreasonable. See Gall v. United States, 552 U.S. 38, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007). Meza's contention that his criminal history was "double counted" in the Guidelines calculation is foreclosed by United States v. Garcia–Cardenas, 555 F.3d 1049, 1049–51 (9th Cir.2009) (reaffirming the permissibility of "the use of a prior conviction as a basis for a sentencing enhancement and for calculating a defendant's criminal history score," in light of United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and its progeny). See also United States v. Luna–Herrera, 149 F.3d 1054, 1056 (9th Cir.1998). Also, contrary to Meza's suggestion that the district court failed to consider mitigating evidence, the record shows that the court both discussed mitigating factors that it found relevant and heard defense counsel's argument for the sentence contemplated by the plea agreement, a speech that referred explicitly to "the letters that the Court received." Finally, we conclude that the district court sufficiently considered the sentencing factors under 18 U.S.C. § 3553(a) when it decided to impose a greater sentence than that suggested by Meza. See United States v. Carty, 520 F.3d 984, 991–92 (9th Cir. 2008) (en banc).

Meza argues that the district court abused its discretion by rejecting the parties' plea agreement. The district court had "broad discretion" in choosing whether to accept or reject the agreement. In re Morgan, 506 F.3d 705, 708 (9th Cir.2007). In rejecting the plea agreement, the court followed the procedural requirements of Federal Rule of Criminal Procedure 11(c)(5) and, in accordance with our case law, provided "individualized reasons for rejecting the agreement, based on the specific facts and circumstances presented." In re Morgan, 506 F.3d at 711–12. Accordingly, the district court did not abuse its discretion here.

Meza also contends that the district court violated his Fifth Amendment right against self-incrimination by imposing a condition of supervised release requiring

* The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

him to report to the probation office within 72 hours of any reentry to the United States, if he resides outside of the country during the period of supervision. As Meza concedes, this argument is foreclosed by *United States v. Rodriguez–Rodriguez*, 441 F.3d 767, 773 (9th Cir.2006).

We agree with both parties that a remand is necessary for the limited purpose of amending the written judgment to conform to the oral pronouncement of sentence. *See United States v. Allen*, 157 F.3d 661, 668 (9th Cir.1998) ("The only sentence that is legally cognizable is the actual oral pronouncement in the presence of the defendant." (internal quotation marks omitted)). In the second condition of supervised release, the requirements for the "outpatient substance abuse treatment and counseling program" differ between the written judgment and the oral pro-nouncement. Additionally, the written judgment omitted any reference to a recommendation to the Bureau of Prisons that Meza be designated to a Southern California institution, despite the district court's agreement at the sentencing hearing to make such a recommendation. We therefore remand to the district court to correct these errors in the written judgment and commitment order by conforming it to the oral pronouncement of sentence.

**AFFIRMED IN PART and REMANDED IN PART.**