**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Rafael VENEGAS–ZAMORA,**
**Defendant–Appellant.**

No. 08–50240.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 3, 2009.*

Filed June 2, 2009.

---

** The Honorable Vaughn R. Walker, Chief District Judge for the Northern District of California, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

Steve Miller, Lawrence E. Spong, Office of the U.S. Attorney, San Diego, CA, for Plaintiff-Appellee.

Leila Wylie Morgan, Esquire, Vincent James Brunkow, Esquire, Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant-Appellant.

Before PREGERSON, GRABER, and WARDLAW, Circuit Judges.

R.App. P. 34(a)(2).

## MEMORANDUM **

Rafael Venegas–Zamora ("Venegas") appeals the seventy-month sentence imposed after his guilty-plea conviction for illegal reentry following removal in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and we affirm but remand to correct the judgment.

**1.** The district court did not err by imposing a sixteen-level sentencing enhancement for Venegas's prior conviction under California Penal Code section 288(a). *See* U.S.S.G. § 2L1.2(b)(1)(A)(ii) (2007). We previously have held that section 288(a) categorically constitutes a "crime of violence" under the approach set forth in *Taylor v. United States,* 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990). *See United States v. Medina–Maella,* 351 F.3d 944, 947 (9th Cir.2003); *United States v. Baron–Medina,* 187 F.3d 1144, 1147 (9th Cir.1999). For the reasons explained in *United States v. Medina–Villa,* 567 F.3d 507, 511–16 (9th Cir.2009), our recent decision in *Estrada–Espinoza v. Mukasey,* 546 F.3d 1147 (9th Cir.2008) (en banc), does not change this conclusion.

**2.** We previously have rejected Venegas's claim that the use of a prior conviction as a basis for both a sentencing enhancement and calculation of the defendant's criminal history score constitutes impermissible double counting. *See United States v. Luna–Herrera,* 149 F.3d 1054, 1055–56 (9th Cir.1998); *see also United States v. Blanco–Gallegos,* 188 F.3d 1072, 1076 (9th Cir.1999). Moreover, we recently held that *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and its progeny "do not undermine or even affect the reasoning on which we relied in *Luna–*

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*Herrera.*" *United States v. Garcia-Cardenas,* 555 F.3d 1049, 1050 (9th Cir. 2009) (per curiam). Accordingly, we reject Venegas's challenge to § 2L1.2(b).

3. Venegas's remaining arguments—that we should limit *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), to its facts under the doctrine of constitutional doubt; that *Almendarez–Torres* has been overruled; and that 8 U.S.C. § 1326(b) is unconstitutional—are squarely foreclosed by our precedent. *See United States v. Salazar–Lopez,* 506 F.3d 748, 751 n. 3 (9th Cir.2007), *cert. denied,* — U.S. —, 128 S.Ct. 2523, 171 L.Ed.2d 803 (2008); *United States v. Beng–Salazar,* 452 F.3d 1088, 1091 (9th Cir.2006); *United States v. Covian–Sandoval,* 462 F.3d 1090, 1096–97 (9th Cir.2006).

4. Finally, although Venegas did not object to the inclusion of both § 1326(a) and § 1326(b) in his judgment, we remand to the district court in accordance with *United States v. Rivera–Sanchez,* 222 F.3d 1057, 1062 (9th Cir.2000), with instructions to enter a corrected judgment striking the reference to § 1326(b). *See United States v. Herrera–Blanco,* 232 F.3d 715, 719 (9th Cir.2000) (remanding sua sponte to delete the reference to § 1326(b)).

**AFFIRMED and REMANDED.**