MEMORANDUM **
Rafael Venegas-Zamora (“Venegas”) appeals the seventy-month sentence imposed after his guilty-plea conviction for illegal reentry following removal in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and we affirm but remand to correct the judgment.
1. The district court did not err by imposing a sixteen-level sentencing enhancement for Venegas’s prior conviction under California Penal Code section 288(a). See U.S.S.G. § 2L1.2(b)(l)(A)(ii) (2007). We previously have held that section 288(a) categorically constitutes a “crime of violence” under the approach set forth in Taylor v. United States, 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990). See United States v. Medina-Maella, 351 F.3d 944, 947 (9th Cir.2003); United States v. Barorn-Medina, 187 F.3d 1144, 1147 (9th Cir.1999). For the reasons explained in United States v. Medina-Villa, 567 F.3d 507, 511-16 (9th Cir.2009), our recent decision in Estrada-Espinoza v. Mukasey, 546 F.3d 1147 (9th Cir.2008) (en banc), does not change this conclusion.
2. We previously have rejected Venegas’s claim that the use of a prior conviction as a basis for both a sentencing enhancement and calculation of the defendant’s criminal history score constitutes impermissible double counting. See United States v. Luna-Herrera, 149 F.3d 1054, 1055-56 (9th Cir.1998); see also United States v. Blanco-Gallegos, 188 F.3d 1072, 1076 (9th Cir.1999). Moreover, we recently held that United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and its progeny “do not undermine or even affect the reasoning on which we relied in Lunar- *397 Herrera.” United States v. Garcia-Cardenas, 555 F.3d 1049, 1050 (9th Cir.2009) (per curiam). Accordingly, we reject Venegas’s challenge to § 2L1.2(b).
3. Venegas’s remaining arguments— that we should limit Almendarez-Torres v. United States, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), to its facts under the doctrine of constitutional doubt; that Almendarez-Torres has been overruled; and that 8 U.S.C. § 1326(b) is unconstitutional — are squarely foreclosed by our precedent. See United States v. Salazar-Lopez, 506 F.3d 748, 751 n. 3 (9th Cir.2007), cert. denied, — U.S. —, 128 S.Ct. 2523, 171 L.Ed.2d 803 (2008); United States v. Beng-Salazar, 452 F.3d 1088, 1091 (9th Cir.2006); United States v. Covian-Sandoval, 462 F.3d 1090, 1096-97 (9th Cir.2006).
4. Finally, although Venegas did not object to the inclusion of both § 1326(a) and § 1326(b) in his judgment, we remand to the district court in accordance with United States v. Rivera-Sanchez, 222 F.3d 1057, 1062 (9th Cir.2000), with instructions to enter a corrected judgment striking the reference to § 1326(b). See United States v. Herrera-Blanco, 232 F.3d 715, 719 (9th Cir.2000) (remanding sua sponte to delete the reference to § 1326(b)).
AFFIRMED and REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.