**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-10375 |
| Plaintiff - Appellee, | D.C. No. 2:13-cr-00198-JCM-PAL-1 |
| v. | |
| CHARLES ANTHONY JACKSON, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Argued and Submitted September 18, 2015
San Francisco, California

Before: W. FLETCHER, BERZON, and BEA, Circuit Judges.

Charles Anthony Jackson appeals his 57-month sentence, entered after he

pled guilty to being a felon in possession of a firearm under 18 U.S.C. § 922(g)(1).

*See id.* § 924(a)(2).

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

1.  The district court plainly erred in enhancing Jackson's offense level by four levels pursuant to U.S. Sentencing Guidelines section 2K2.1(b)(6)(B). *See United States v. Ameline*, 409 F.3d 1073, 1078 (9th Cir. 2005) (en banc). No evidence directly indicated that Jackson was aware that the gun of which he had constructive possession was located in the rolled-up rug in his garage. Also, his family lived in the house, and he had implicitly asked his wife to move the gun. The district court inferred awareness that the drugs were in the rug near the gun from the small size of the rug. But the evidence in the record was also insufficient, standing alone, to allow the district court to find by a preponderance of the evidence that Jackson knew the drugs were in the rug. Jackson's prior drug conviction is insufficient to prove that he knew he currently had drugs in his garage.

In short, nothing in the record is sufficient to prove that it was Jackson, rather than someone else in the household, who put either the gun or the drugs where they were found. Yet the proximity of the two items was necessary to the district court's conclusion that Jackson possessed the gun in furtherance of a felony involving drugs, as there was no other evidence of that essential fact.

In nonetheless concluding that a preponderance of the evidence established that Jackson possessed the gun in furtherance of a felony, it appears the district

court relied on Jackson's counsel's statement that Jackson had admitted that he knew the gun was in the rug, where drugs also were found. But Jackson had not admitted that, either during the plea or sentencing hearings, in response to the presentence report, or anywhere else in the record; he admitted only that he had constructive possession of the gun. Jackson's counsel's misstatement about what Jackson had admitted was neither evidence nor a representation by counsel as to Jackson's actual knowledge; it was, instead, an inaccurate report as to the earlier proceedings. Counsel's statement was therefore an improper basis for the district court's conclusion that Jackson was aware the gun was in the rug with the drugs.

The district court's error affected Jackson's substantial rights. *See Ameline*, 409 F.3d at 1078. Without the four-level enhancement, Jackson would have been exposed to a sentencing range of 37-to-46 months, significantly less than the 57-to-71-month range applicable with the enhancement. *See* U.S.S.G. Manual ch. 5, pt. A (2013). Further, the error seriously implicated the fairness and integrity of Jackson's sentencing. *See Ameline*, 409 F.3d at 1078, 1081.

Accordingly, Jackson's sentence must be reversed and the matter remanded to the district court for resentencing.

2. The district court did not err in increasing Jackson's criminal history score by two points pursuant to U.S. Sentencing Guidelines section 4A1.1(d).

Jackson committed the felon-in-possession offense "while under a[] criminal justice sentence" for his earlier conviction for sale of a controlled substance. U.S.S.G. § 4A1.1(d). A prior felony conviction is not "relevant conduct" to the instant offense within the meaning of U.S. Sentencing Guidelines section 4A1.2. *See* U.S.S.G. § 4A1.2, cmt. n.1; *United States v. Luna-Herrera*, 149 F.3d 1054, 1056 (9th Cir. 1998).

**REVERSED in part and REMANDED for further proceedings.**



*United States v. Jackson,* No. 14-10375

BEA, J., concurring in part and dissenting in part:

I concur in Part 2 of the majority's memorandum disposition.

However, the majority fails to apply faithfully the standard this court announced in *United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc), to determine whether the district court clearly erred in finding that Jackson had knowledge of the pills found rolled up in a rug in his garage along with his illegal firearm. Therefore, since I would affirm the district court, I respectfully dissent from Part 1 of the majority's memorandum disposition.

"We review the district court's findings of fact underlying its sentencing decision for clear error." *United States v. Gardenhire*, 784 F.3d 1277, 1280 (9th Cir. 2015). Under clear error review, the district court's factual finding is clearly erroneous only when it is "(1) illogical, (2) implausible, or (3) without support in inferences that may be drawn from the facts in the record." *Hinkson*, 585 F.3d at 1262. "[O]nly then are we able to have a 'definite and firm conviction' that the district court reached a conclusion that was a 'mistake' or was not among its 'permissible' options, and thus that it abused its discretion by making a clearly erroneous finding of fact." *Id.*

Here, based on the evidence from the record, I do not think that the district court's factual finding that it was more likely than not that Jackson knew about the Ecstasy pills rolled up in the rug along with his illegal firearm in his house was "(1) illogical, (2) implausible, or (3) without support in inferences that may be drawn from the facts in the record." *Id.* Even though Jackson himself has not admitted to knowing there were Ecstasy pills in the rug, there is circumstantial evidence in the record from which the district court could at least draw a rational inference that Jackson knew of the pills. The Ecstasy pills were found in Jackson's house rolled up in the same small rug that was hiding his illegal firearm, of which Jackson admitted that he was in constructive possession. Furthermore, since the Federal Rules of Evidence do not apply at sentencing, *see* Fed. R. Evid. 1101(d)(3), and "[i]n resolving any dispute concerning a factor important to the sentencing determination, the court may consider relevant information without regard to its admissibility under the rules of evidence applicable at trial," U.S.S.G. 6A1.3(a), the sentencing court could also consider the fact that at the time the Ecstasy pills were found in Jackson's garage, Jackson was on probation for a Nevada state felony conviction of selling a controlled substance after he was arrested for selling 3.8 grams of MDMA, a drug similar to Ecstasy, and 4.5 grams of marijuana to an undercover Las Vegas police officer.

Additionally, I am not convinced that Jackson's counsel's statement at sentencing that "[Jackson] admitted knowing there was a gun [in the rug]," was a factually erroneous statement. Nowhere in the record does Jackson deny knowing that his gun was in the rug. To me, Jackson's counsel's statement is akin to an admission by an authorized agent, as Jackson was present when his lawyer made the statement and did not object. *See United States v. Hernandez-Hernandez,* 431 F.3d 1212, 1219 (9th Cir. 2005) ("[W]e have repeatedly held that criminal defendants are bound by the admissions of fact made by their counsel in their presence and with their authority.").

Therefore, I would faithfully apply the *Hinkson* standard and affirm the district court's finding that Jackson knew of the Ecstasy pills in the rug.