*354 MEMORANDUM *
Charles Anthony Jackson appeals his 57-month sentence, entered after he pled guilty to being a felon in possession of a firearm under 18 U.S.C. § 922(g)(1). See id. § 924(a)(2).
1. The district court plainly erred in enhancing Jackson’s offense level by four levels pursuant to U.S. Sentencing Guidelines section 2K2.1(b)(6)(B). See United States v. Ameline, 409 F.3d 1073, 1078 (9th Cir.2005) (en banc). No evidence directly indicated that Jackson was aware that the gun of which he had constructive possession was located in the rolled-up rug in his garage. Also, his family lived in the house, and he had implicitly asked his wife to move the gun. The district court inferred awareness that the drugs were in the rug near the gun from the small size of the rug. But the evidence in the record was also insufficient, standing alone, to allow the district court to find by a preponderance of the evidence that Jackson knew the drugs were in the rug. Jackson’s prior drug conviction is insufficient to prove that he knew he currently had drugs in his garage.
In short, nothing in the record is sufficient to prove that it was Jackson, rather than someone else in the household, who put either the gun or the drugs where they were found. Yet the proximity of the two items was necessary to the district court’s conclusion that Jackson possessed the gun in furtherance of a felony involving drugs, as there was no other evidence of that essential fact.
In nonetheless concluding that a preponderance of the evidence established that Jackson possessed the gun in furtherance of a felony, it appears the district court relied on Jackson’s counsel’s statement that Jackson had admitted that he knew the gun was in the rug, where drugs also were found. But Jackson had not admitted that, either during the plea or sentencing hearings, in response to the pre-sentence report, or'anywhere else in the record; he admitted only that he had constructive possession of the gun. Jackson’s counsel’s misstatement about what Jackson had admitted was neither evidence nor a representation by counsel as to Jackson’s actual knowledge; it was, instead, an inaccurate report as to the earlier proceedings. Counsel’s statement was therefore an improper basis for the district court’s conclusion that Jackson was aware the gun was in the rug with the drugs.
The district court’s error affected Jackson’s substantial rights. See Ameline, 409 F.3d at 1078. Without the four-level enhancement, Jackson would have been exposed’ to a sentencing range of 37-to-46 months, significantly less than the 57-to-71-month range applicable with the enhancement. See U.S.S.G. Manual ch. 5, pt. A (2013). Further, the error seriously implicated the fairness and integrity of Jackson’s sentencing. See Ameline, 409 F.3d at 1078, 1081.
Accordingly, Jackson’s sentence must be reversed and the matter remanded to the district court for resentencing.
2. The district court did not err in increasing Jackson’s criminal history score by .two points pursuant to U.S. Sentencing Guidelines section 4Al.l(d). Jackson committed the felon-in-possession offense “while under a[ ] criminal justice sentence” for his earlier conviction for sale of a controlled substance, U.S.S.G. § 4Al.l(d). A prior felony conviction is not “relevant con *355 duct” to the instant offense within the meaning of U.S. Sentencing Guidelines section 4A1.2. See U.S.S.G. § 4A1.2, cmt. n. 1; United States v. Luna-Herrera, 149 F.3d 1054, 1056 (9th Cir.1998).
REVERSED in part and REMANDED for further proceedings.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R, 36-3.