**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　*Plaintiff-Appellee,*

v.

JESUS GARCIA-CARDENAS,
　　　　　*Defendant-Appellant.*

No. 08-50117

D.C. No.
3:06-cr-02425-L-1

OPINION

Appeal from the United States District Court
for the Southern District of California
M. James Lorenz, District Judge, Presiding

Submitted February 3, 2009*
Pasadena, California

Filed February 17, 2009

Before: Harry Pregerson, Susan P. Graber, and
Kim McLane Wardlaw, Circuit Judges.

Per Curiam Opinion

---

*The panel unanimously finds this appeal suitable for decision without
oral argument. *See* Fed. R. App. P. 34(a)(2).

**COUNSEL**

Shaffy Moel, Federal Defenders of San Diego, Inc., San Diego, California, for appellant Jesus Garcia-Cardenas.

Adam L. Braverman, Assistant United States Attorney, San Diego, California, for appellee United States.

**OPINION**

PER CURIAM:

Jesus Garcia-Cardenas appeals the seventy-month sentence imposed after his guilty-plea conviction for illegal reentry following removal in violation of 8 U.S.C. § 1326(a). We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and we affirm and remand.

I.

The relevant facts are not disputed. On November 2, 2006, U.S. Border Patrol officers apprehended Garcia-Cardenas crossing into the United States from Mexico on foot. Garcia-Cardenas admitted that he was a Mexican citizen and that he was present in the United States illegally. Approximately two weeks later, a grand jury returned a one-count indictment charging Garcia-Cardenas with being a deported alien found in the United States in violation of 8 U.S.C. § 1326. The indictment specifically alleged that Garcia-Cardenas had violated both § 1326(a) and § 1326(b). It also alleged that

Garcia-Cardenas had previously been ordered removed from the United States after July 12, 1989, the date of his prior conviction for voluntary manslaughter and attempted robbery.[1]

On October 15, 2007, Garcia-Cardenas pled guilty, without a plea agreement, before the district court. The probation officer submitted a presentence report ("PSR") recommending a base offense level of eight pursuant to U.S. Sentencing Guidelines ("U.S.S.G.") § 2L1.2(a), for unlawfully entering or remaining in the United States; a sixteen-level upward enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii), for having been deported previously after a "crime of violence"; and a two-level downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a). Based on these calculations and Garcia-Cardenas's criminal history score, the PSR recommended a mid-range sentence of seventy months. Garcia-Cardenas objected to the PSR on the ground that section 2L1.2(b) represents an unreasonable exercise of judgment by the Sentencing Commission because it permits a prior conviction to be "double counted"—once as an enhancement of the base offense level, and once to calculate the defendant's criminal history category. He also argued that the graduated statutory maximums set forth in § 1326(b) violated *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

At the sentencing hearing, the district court addressed each of Garcia-Cardenas's objections to the PSR. As to Garcia-Cardenas's double-counting contention, the district court explained that it was "not inclined" to "change the entire context" of § 1326. After reviewing each of the factors articulated in 18 U.S.C. § 3553(a), the district court accepted the PSR's recommendations and sentenced Garcia-Cardenas to a term of imprisonment of seventy months, to be followed by three years of supervised release. The judgment, which listed the charge as one count of violating § 1326(a) and § 1326(b), was entered on March 12, 2008. Garcia-Cardenas timely appeals.

---

[1]Garcia-Cardenas had other prior convictions that are irrelevant here.

II.

**[1]** We previously have rejected Garcia-Cardenas's claim that the use of a prior conviction as a basis for a sentencing enhancement and for calculating a defendant's criminal history score constitutes impermissible double counting. *See United States v. Luna-Herrera*, 149 F.3d 1054, 1055-56 (9th Cir. 1998); *see also United States v. Blanco-Gallegos*, 188 F.3d 1072, 1076 (9th Cir. 1999). Garcia-Cardenas argues that *Luna-Herrera* is no longer good law after *United States v. Booker*, 543 U.S. 220 (2005), and its progeny. Other panels of our court have rejected this argument in unpublished—and thus nonprecedential—decisions, forcing Garcia-Cardenas and others to continue asserting the double-counting argument in § 1326 appeals.

**[2]** Reviewing de novo the district court's legal interpretation of the Guidelines, *United States v. Holt*, 510 F.3d 1007, 1010 (9th Cir. 2007), we conclude that it did not err by using Garcia-Cardenas's prior conviction both as a basis for the sixteen-point increase pursuant to section 2L1.2(b)(1)(A) and in calculating his criminal history score. *Booker* and its progeny fundamentally changed the way in which sentences are calculated and reviewed. *See Booker*, 543 U.S. 220; *Kimbrough v. United States*, 128 S. Ct. 558 (2007); *Rita v. United States*, 127 S. Ct. 2456 (2007); *see also United States v. Carty*, 520 F.3d 984 (9th Cir. 2008) (en banc), *cert. denied*, 128 S. Ct. 2491 (2008). However, these cases do not undermine or even affect the reasoning on which we relied in *Luna-Herrera*. We therefore reaffirm our holding in *Luna-Herrera*.

We also reject Garcia-Cardenas's argument that the district court failed to address his objection to section 2L1.2(b). The district court in fact addressed this objection, explaining that it was not inclined to fundamentally alter the way in which this provision has been applied. Because the district court was bound by our precedent, its explanation was sufficient. *See Rita*, 127 S. Ct. at 2469 ("[When] the record makes clear that

the sentencing judge considered the evidence and arguments, we do not believe the law requires the judge to write more extensively.").

### III.

**[3]** Garcia-Cardenas contends that, because the facts of his prior conviction were neither alleged in the indictment nor admitted by him, the district court violated *Apprendi* by increasing the statutory maximum under § 1326(b)(2). As Garcia Cardenas properly concedes, this argument is foreclosed by our precedent and that of the Supreme Court.

In *Almendarez-Torres v. United States*, 523 U.S. 224, 226-27 (1998), the Supreme Court held that the fact of a prior conviction does not have to be determined by a jury before a sentencing court may use the conviction as the basis for an enhancement under § 1326. Garcia-Cardenas argues that we should limit *Almendarez-Torres* to its facts under the doctrine of constitutional doubt; that *Almendarez-Torres* has been overruled; and that § 1326(b) is unconstitutional. We have repeatedly rejected these arguments. *See United States v. Salazar-Lopez*, 506 F.3d 748, 751 n.3 (9th Cir. 2007), *cert. denied*, 128 S. Ct. 2523 (2008); *United States v. Beng-Salazar*, 452 F.3d 1088, 1091 (9th Cir. 2006); *United States v. Covian-Sandoval*, 462 F.3d 1090, 1096-97 (9th Cir. 2006). Moreover, the Supreme Court continues to treat *Almendarez-Torres* as binding precedent. *See James v. United States*, 127 S. Ct. 1586, 1600 n.8 (2007) ("[W]e have held that prior convictions need not be treated as an element of the offense for Sixth Amendment purposes." (citing *Almendarez-Torres*, 523 U.S. 224)). Accordingly, we are bound to reject Garcia-Cardenas's arguments.

### IV.

**[4]** Finally, although Garcia-Cardenas did not object to the inclusion of both § 1326(a) and § 1326(b) in the judgment of

record, we remand to the district court in accordance with *United States v. Rivera-Sanchez*, 222 F.3d 1057, 1062 (9th Cir. 2000), with instructions to enter a corrected judgment striking the reference to § 1326(b). *See United States v. Herrera-Blanco*, 232 F.3d 715, 719 (9th Cir. 2000) (remanding sua sponte to delete the reference to § 1326(b)).

**AFFIRMED and REMANDED.**