**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Artemio TORRES–TORRES,
Defendant–Appellant.**

No. 07–50188.

United States Court of Appeals,
Ninth Circuit.

Submitted July 14, 2009.*

Filed July 23, 2009.

RM 6293, U.S. Attorney Office, San Diego, CA, for Plaintiff–Appellee.

Stephen D. Lemish, Esq., El Cajon, CA, for Defendant–Appellant.

Before: SCHROEDER, THOMAS, and WARDLAW, Circuit Judges.

MEMORANDUM **

Artemio Torres–Torres appeals from the 41–month sentence imposed following his guilty-plea conviction for being a deported alien found in the United States, in violation of 8 U.S.C. § 1326(a). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Torres–Torres contends that the district court erroneously applied a 16–level enhancement based upon an "old" prior conviction that should not have been scored

for purposes of criminal history, and failed to properly apply the § 3553(a) sentencing factors. The sentence imposed is substantively reasonable and procedurally sound. *Cf. United States v. Amezcua–Vasquez*, 567 F.3d 1050, 1054–1058 (9th Cir.2009); *see also Gall v. United States*, 552 U.S. 38, 128 S.Ct. 586, 596–97, 169 L.Ed.2d 445 (2007); *United States v. Carty*, 520 F.3d 984, 992–93 (9th Cir.2008) (en banc).

Torres–Torres' contention that using the same prior conviction for the sentencing enhancement and for calculating his criminal history score constitutes impermissible double counting is foreclosed. *See United States v. Garcia–Cardenas*, 555 F.3d 1049, 1050 (9th Cir.2009) (per curiam).

We remand to the district court with directions to delete from the judgment of conviction the incorrect reference to 8 U.S.C. § 1326(b). *See United States v. Herrera–Blanco*, 232 F.3d 715, 719 (9th Cir.2000) (remanding sua sponte to delete the reference to § 1326(b)).

**AFFIRMED; REMANDED to correct judgment.**

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.