MEMORANDUM **
Artemio Torres-Torres appeals from the 41-month sentence imposed following his guilty-plea conviction for being a deported alien found in the United States, in violation of 8 U.S.C. § 1826(a). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
Torres-Torres contends that the district court erroneously applied a 16-level enhancement based upon an “old” prior conviction that should not have been scored for purposes of criminal history, and failed to properly apply the § 3553(a) sentencing factors. The sentence imposed is substantively reasonable and procedurally sound. Cf. United States v. Amezcua-Vasquez, 567 F.3d 1050, 1054-1058 (9th Cir.2009); see also Gall v. United States, 552 U.S. 38, 128 S.Ct. 586, 596-97, 169 L.Ed.2d 445 (2007); United States v. Carty, 520 F.3d 984, 992-93 (9th Cir.2008) (en banc).
Torres-Torres’ contention that using the same prior conviction for the sentencing enhancement and for calculating his criminal history score constitutes impermissible double counting is foreclosed. See United States v. Garcia-Cardenas, 555 F.3d 1049, 1050 (9th Cir.2009) (per curiam).
We remand to the district court with directions to delete from the judgment of conviction the incorrect reference to 8 U.S.C. § 1326(b). See United States v. Herrera-Blanco, 232 F.3d 715, 719 (9th Cir.2000) (remanding sua sponte to delete the reference to § 1326(b)).
AFFIRMED; REMANDED to correct judgment.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.