MEMORANDUM *
Isaul Rodriguez-Banuelos appeals from the 70-month sentence imposed following his guilty-plea conviction for illegal reentry after deportation, in violation of 8 U.S.C. § 1326(a). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm, but remand to correct the judgment.
Rodriguez-Banuelos contends that his sentence is unreasonable because its is based upon dated criminal conduct that should not have been scored for purposes of his criminal history. He also contends that the district court failed to properly apply the § 3553(a) sentencing factors. We conclude that the sentence imposed is substantively reasonable and procedurally sound. See Gall v. United States, 552 U.S. 38, 128 S.Ct. 586, 596-97, 169 L.Ed.2d 445 *312 (2007); United States v. Carty, 520 F.3d 984, 992-93 (9th Cir.2008) (en banc); cf. United States v. Amezcua-Vasquez, 567 F.3d 1050, 1054-1058 (9th Cir.2009). Rodriguez-Banuelos’ contention that using the same prior conviction for the sentencing enhancement and for calculating his criminal history score constitutes impermissible double counting is foreclosed. See United States v. Garcia-Cardenas, 555 F.3d 1049, 1050 (9th Cir.2009) (per curiam).
We remand the case to the district court with instructions that it delete from the judgment the incorrect reference to 8 U.S.C. § 1326(b). See United States v. Rivera-Sanchez, 222 F.3d 1057, 1062 (9th Cir.2000); see also United States v. Herrera-Blanco, 232 F.3d 715, 719 (9th Cir.2000) (remanding sua sponte to delete the reference to § 1326(b)(2)).
AFFIRMED; REMANDED to correct the judgment.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.