**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-50043 |
| Plaintiff - Appellee, | D.C. No. 3:07-CR-00556-DMS-1 |
| v. | |
| RIGOBERTO ARZATE-MIRANDA, | MEMORANDUM [*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Dana M. Sabraw, District Judge, Presiding

Submitted February 10, 2010[**]
Pasadena, California

Before: THOMAS and SILVERMAN, Circuit Judges, and FOGEL,[***] District
Judge.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Jeremy D. Fogel, United States District Judge for the
Northern District of California, sitting by designation.

Defendant appeals the 92-month prison sentence the district court imposed after a jury found him guilty of unlawful reentry by a previously removed alien, in violation of 8 U.S.C. § 1326(a)-(b). We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). For the following reasons, we affirm, but remand to correct the judgment.

First, we reject Defendant's argument that the district court erroneously failed to grant him a downward departure for his purported acceptance of responsibility, per U.S.S.G. § 3E1.1(a). Section 3E1.1(a) may, in "*rare* situations," apply where a defendant "goes to trial to assert and preserve issues that do not relate to *factual guilt* . . . ." U.S.S.G. § 3E1.1, cmt. 2 (emphasis added). Here, despite confessing his crimes to officials at the border, Defendant proceeded to trial and challenged the factual basis of his guilt, *i.e.*, his prior removal, by attempting to discredit the Government's fact witnesses. Accordingly, the district court's finding that Defendant had not truly accepted responsibility for purposes of § 3E1.1(a) was not clearly erroneous. See United States v. Johnson, 581 F.3d 994, 1001 (9th Cir. 2009); see also United States v. Weiland, 420 F.3d 1062, 1067-69, 1080 (9th Cir. 2005) (finding § 3E1.1 inapplicable where the defendant repeatedly challenged the admissibility of documents bearing on an essential element of his offense).

Second, we reject Defendant's contention that the district court committed reversible error by "fail[ing] to give any identifiable consideration to the relevant guideline factors, applications, or other pertinent facts in this case." The district court plainly acknowledged at the beginning of the sentencing hearing that it had considered all the documents submitted by the parties, including Defendant's objections to the PSR, which laid out all the pertinent facts and authorities on this issue. The record therefore makes clear that the district court "ha[d] considered the parties' arguments and ha[d] a reasoned basis for exercising [its] own legal decisionmaking authority." Rita v. United States, 551 U.S. 338, 356 (2007); accord United States v. Daniels, 541 F.3d 915, 922 (9th Cir. 2008).

Third, as Defendant rightly concedes, circuit precedent forecloses his arguments regarding the scope and continued viability of Almendarez-Torres v. United States, 523 U.S. 224 (1998), and the constitutionality of 8 U.S.C. § 1326(b). See United States v. Garcia-Cardenas, 555 F.3d 1049, 1051 (9th Cir. 2009) (per curiam) (listing cases).

Although we affirm the sentence, we remand the case to the district court with instructions that it delete from the judgment the reference to 8 U.S.C. § 1326(b). See id. (remanding sua sponte to delete the reference to § 1326(b)(2)).

We decline to reach the issues raised by Defendant's supplemental pro se motions.

**AFFIRMED; REMANDED to correct the judgment.**