**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Noe Antonio ENRIQUEZ,**
**Defendant–Appellant.**

No. 08–50137.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 16, 2010.*

Filed March 2, 2010.

Christopher Alexander, Assistant U.S., Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Joan Kerry Bader, Esquire, Law Offices of J. Kerry Bader, San Diego, CA, for Defendant–Appellant.

Before: FERNANDEZ, GOULD, and M. SMITH, Circuit Judges.

MEMORANDUM **

Noe Antonio Enriquez appeals from the 57–month sentence imposed following his guilty-plea conviction for attempted entry after deportation, in violation of 8 U.S.C. § 1326(a). We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm, but remand to correct the judgment.

Enriquez contends that the district court erred at sentencing by: (1) presuming the Guidelines range to be reasonable; and (2) placing an undue emphasis on the Guidelines. He also contends that his sentence is unreasonable in light of the factors set forth in 18 U.S.C. § 3553(a), and due to the harsh nature of the 16–level enhancement under U.S.S.G. § 2L1.2(b)(1)(A). The record reflects that the district court did not procedurally err, and that the sentence imposed is substantively reasonable under the totality of the circumstances. *See Gall v. United States,* 552 U.S. 38, 49–50, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007); *see also United States v. Carty,* 520 F.3d 984, 992–93 (9th Cir.2008) (en banc).

Enriquez also contends that the use of his prior drug and carjacking convictions to both enhance his sentence under U.S.S.G. § 2L1.2(b)(1)(A) and increase his criminal history category constitutes im-

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

permissible double counting in violation of the Double Jeopardy Clause and the Due Process Clause. This contention lacks merit. *See United States v. Garcia–Cardenas,* 555 F.3d 1049, 1050 (9th Cir. 2009) (per curiam).

In accordance with *United States v. Rivera–Sanchez,* 222 F.3d 1057, 1062 (9th Cir. 2000), we remand the case to the district court with instructions that it delete from the judgment the incorrect reference to § 1326(b). *See United States v. Herrera–Blanco,* 232 F.3d 715, 719 (9th Cir.2000) (remanding sua sponte to delete the reference to § 1326(b)).

**AFFIRMED; REMANDED to correct the judgment.**

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.