**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 08-50137 |
| Plaintiff - Appellee, | D.C. No. 3:07-cr-02436-BTM |
| v. | |
| NOE ANTONIO ENRIQUEZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Barry T. Moskowitz, District Judge, Presiding

Submitted February 16, 2010[**]

Before:     FERNANDEZ, GOULD, and M. SMITH, Circuit Judges.

   Noe Antonio Enriquez appeals from the 57-month sentence imposed

following his guilty-plea conviction for attempted entry after deportation, in

violation of 8 U.S.C. § 1326(a).  We have jurisdiction pursuant to 28 U.S.C.

---

   [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

   [**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

AK/Research

§ 1291. We affirm, but remand to correct the judgment.

Enriquez contends that the district court erred at sentencing by: (1) presuming the Guidelines range to be reasonable; and (2) placing an undue emphasis on the Guidelines. He also contends that his sentence is unreasonable in light of the factors set forth in 18 U.S.C. § 3553(a), and due to the harsh nature of the 16-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A). The record reflects that the district court did not procedurally err, and that the sentence imposed is substantively reasonable under the totality of the circumstances. *See Gall v. United States*, 552 U.S. 38, 49-50 (2007); *see also United States v. Carty*, 520 F.3d 984, 992-93 (9th Cir. 2008) (en banc).

Enriquez also contends that the use of his prior drug and carjacking convictions to both enhance his sentence under U.S.S.G. § 2L1.2(b)(1)(A) and increase his criminal history category constitutes impermissible double counting in violation of the Double Jeopardy Clause and the Due Process Clause. This contention lacks merit. *See United States v. Garcia-Cardenas*, 555 F.3d 1049, 1050 (9th Cir. 2009) (per curiam).

In accordance with *United States v. Rivera-Sanchez*, 222 F.3d 1057, 1062 (9th Cir. 2000), we remand the case to the district court with instructions that it delete from the judgment the incorrect reference to § 1326(b). *See United States v.*

*Herrera-Blanco*, 232 F.3d 715, 719 (9th Cir. 2000) (remanding sua sponte to delete the reference to § 1326(b)).

**AFFIRMED; REMANDED to correct the judgment.**