FILED

JUN 18 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-50032 |
| Plaintiff - Appellee, | D.C. No. 3:08-CR-00443-WQH-1 |
| v. | |
| ALBERTO JACOBO LARA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Submitted September 2, 2009[**]
San Francisco, California

Before: HUG, SKOPIL and BEEZER, Circuit Judges.

Alberto Jacobo Lara appeals his conviction under 8 U.S.C. § 1326 for

unlawful reentry after removal and his 57-month sentence imposed under 8 U.S.C.

§ 1326(b)(2). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Lara challenges his conviction, arguing the underlying removal order was invalid because he was not informed at the time of the possibility of a discretionary waiver of removal under 8 U.S.C. § 1182(h). We reject that argument. Lara failed to demonstrate prejudice regardless of whether the immigration judge incorrectly failed to inform Lara of the right to seek a § 1182(h) waiver. *See United States v. Arce-Hernandez*, 163 F.3d 559, 563–64 (9th Cir. 1998) (noting defendant must show prejudice by "tender[ing] a plausible case that he is eligible for a waiver"). Lara failed to demonstrate prejudice because he made no plausible showing that his U.S. citizen family would suffer extreme hardship as required for a waiver. *See* 8 U.S.C. § 1182(h) (requiring "extreme hardship to the United States citizen or lawfully resident spouse, parent, son, or daughter of [the] alien"); *Arce-Hernandez*, 163 F.3d at 564 ("[A § 1182(h)] waiver will be granted only when there is 'great actual or prospective injury' or 'extreme impact' on the citizen family member, beyond the 'common results of deportation.'").

Lara only made the bare allegation in his declaration that "with respect to my immigration case, I am and have been married to my wife, Pamela Lara, for 20 years, since 1988." This fails completely to demonstrate plausible extreme hardship under our precedent. *See id.* (holding that alien failed to show extreme hardship even though his U.S. citizen wife suffered from poor health). Unlike

2

*United States v. Arrieta*, 224 F.3d 1076 (9th Cir. 2000), where "the defendant had thoroughly documented the many ways in which his support and presence in the United States were valuable to various family members in non-economic terms," *United States v. Muro-Inclan*, 249 F.3d 1180, 1185–86 (9th Cir. 2001) (discussing *Arrieta*), Lara did not point to any hardship whatsoever in his declaration. His collateral attack on his underlying deportation therefore fails.[1]

Lara also challenges his sentence imposed under § 1326(b)(2) because the indictment failed to allege his prior aggravated felony and the government failed to prove its existence beyond a reasonable doubt. The Supreme Court has held, however, that Congress intended § 1326(b)(2) to be a sentencing factor to be determined by the judge rather than a separate crime to be alleged and proved to a jury. *Almendarez-Torres v. United States*, 523 U.S. 224, 226–27 (1998). The Court also rejected the defendant's contention that such an interpretation of § 1326(b)(2) violates the Constitution reasoning that the Constitution does not require recidivism to be treated as an element of the offense. *Id.* at 247.

---

[1] Lara also states that the immigration judge failed to inform him of the right to adjust his status under 8 U.S.C. § 1255(a). However, this argument does not make sense as Lara had *already* adjusted his status to a lawful permanent resident under § 1255(a) in 1990. Lara also argues that his Sixth Amendment right to counsel was violated due to ineffective assistance of counsel. This argument is also foreclosed because, as discussed, Lara suffered no prejudice. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).

Although *Almendarez-Torres* only addressed the constitutional question whether recidivism increasing the maximum penalty of a crime must be charged in the indictment, *Jones v. United States*, 526 U.S. 227, 248 (1999), the Supreme Court has strongly implied that *Almendarez-Torres* also applies to the constitutional rights of a jury trial and proof beyond a reasonable doubt. *See, e.g.*, *Blakely v. Washington*, 542 U.S. 296, 301 (2004) ("*Other than the fact of a prior conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." (emphasis added)). And we have squarely rejected Lara's constitutional arguments previously. *See United States v. Garcia-Cardenas*, 555 F.3d 1049, 1051 (9th Cir. 2009) ("[The defendant] argues that we should limit *Almendarez-Torres* to its facts under the doctrine of constitutional doubt; that *Almendarez-Torres* has been overruled; and that § 1326(b) is unconstitutional. We have repeatedly rejected these arguments. . . . Moreover, the Supreme Court continues to treat *Almendarez-Torres* as binding precedent.").

Lara's collateral attack fails because he cannot make a plausible showing of extreme hardship to his U.S. citizen family, and Supreme Court and Ninth Circuit precedent foreclose the challenge to his sentence.

**AFFIRMED.**

4