**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 09-4614**

_____

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

FRANCISCO ANTONIO NOLASCO-RAMIREZ, a/k/a Carlos Rojas,

          Defendant – Appellant.

_____

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Robert E. Payne, Senior District Judge.  (3:08-cr-00510-REP-1)

_____

Submitted:  July 16, 2010        Decided:  August 6, 2010

_____

Before DUNCAN and KEENAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Michael S. Nachmanoff, Federal Public Defender, Mary E. Maguire, Assistant Federal Public Defender, Patrick L. Bryant, Research and Writing Attorney, Richmond, Virginia, for Appellant.  Neil H. MacBride, United States Attorney, S. David Schiller, Assistant United States Attorney, Richmond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Francisco Antonio Nolasco-Ramirez, a Guatemalan citizen, pleaded guilty to one-count of illegal reentry after prior removal and conviction of an aggravated felony, in violation of 8 U.S.C. § 1326(a, b(2)) (2006) and was sentenced to 96 months' imprisonment. On appeal, Nolasco-Ramirez contests the reasonableness of his sentence, arguing that the district court should not have imposed a sixteen level increase pursuant to United States Sentencing Guidelines Manual § 2L1.2(b)(1)(A). For the following reasons, we affirm.

I.

Nolasco-Ramirez first entered the United States illegally without inspection in 1995, near San Ysidro, California. In May 1996, he was convicted in New Jersey of robbery, an aggravated felony under the Immigration and Nationality Act (INA). Immigration officials placed Nolasco-Ramirez into removal proceedings in February 1997, and, in July 1999, an immigration judge ordered Nolasco-Ramirez removed. Nolasco-Ramirez was removed from the United States to Guatemala in January 2000; at the time, he was properly served with an I-294 form notifying him of the penalties for future attempts to illegally reenter the United States.

2

Nolasco-Ramirez reentered the United States, without approval, and was convicted of grand larceny in Virginia in December 2002, another aggravated felony under the INA. Immigration and Customs Enforcement (ICE) officers again arrested Nolasco-Ramirez and placed him in removal proceedings. In June 2006, Nolasco-Ramirez was ordered removed, and the order was carried out in July 2006. Nolasco-Ramirez was again served with an I-294 form.

Undeterred, Nolasco-Ramirez again reentered the United States. In October 2008, ICE officials encountered Nolasco-Ramirez in a Virginia prison, where he was serving a sentence for another burglary conviction. Nolasco-Ramirez was arrested and, after waiving his Miranda[*] rights, provided a written statement admitting that he was a Guatemalan citizen and that he had reentered the United States after being removed.

In December 2008, a federal grand jury charged Nolasco-Ramirez with illegal reentry after prior removal and conviction of an aggravated felony, in violation of 8 U.S.C. § 1326(a, b(2)). Nolasco-Ramirez eventually pleaded guilty to the charge, and the district court ordered the preparation of a Pre-Sentence Report (PSR). The PSR calculated Nolasco-Ramirez's base offense level as 8, but added 16 levels pursuant to

---

[*] Miranda v. Arizona, 384 U.S. 436 (1965).

3

§ 2L1.2(b)(1)(A), which provides for the increase if the defendant was previously deported after conviction for a crime of violence.  The PSR also reduced the offense level by 3, for acceptance of responsibility, yielding a total offense level of 21.  With a criminal history category of VI, the PSR calculated an advisory Guidelines range of 77-96 months' imprisonment.

At sentencing, Nolasco-Ramirez sought a downward variance, arguing that § 2L1.2(b)(1)(A) lacked empirical support or a policy basis and resulted in double counting.  The district court ultimately disagreed with Nolasco-Ramirez.  In reaching its decision, the district court began by noting that, under 18 U.S.C. § 3553(a)(6), which instructs sentencing courts to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," it was permitted to consider Nolasco-Ramirez's challenge to the guideline if it resulted in "an unjustified difference."  The district court found that it was reasonable to differentiate between persons like Nolasco-Ramirez who repeatedly reentered the United States to commit crimes of violence and persons who reentered without committing serious crimes.

In sum, the district court found that a "significant term of imprisonment" was required, among other reasons, "to make sure that this defendant doesn't engage in this conduct

4

again."  Accordingly, the district court adopted the PSR and sentenced Nolasco-Ramirez to 96 months' imprisonment, the top of the Guidelines range.  Nolasco-Ramirez filed a timely appeal.

## II.

On appeal, Nolasco-Ramirez argues that the district court should have rejected application of § 2L1.2(b)(1)(A) because it lacks empirical support or a sound policy basis and results in double counting.  We review a sentenced imposed by a district court for abuse of discretion.  See Gall v. United States, 552 U.S. 38, 51 (2007).  The first step in this review requires us to ensure that the district court did not commit significant procedural error, such as improperly calculating the Guidelines range, failing to consider the 18 U.S.C. § 3553(a) factors, or failing to adequately explain the sentence.  United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009).  We then review the sentence for substantive reasonableness, taking into account the totality of the circumstances.  Gall, 552 U.S. at 51.  In doing so, we presume that a sentence within a properly calculated Guidelines range is reasonable.  United States v. Abu Ali, 528 F.3d 210, 261 (4th Cir. 2008), cert. denied 129 S. Ct. 1312 (2009); see also Rita v. United States, 551 U.S. 338, 345-59 (2007).

Nolasco-Ramirez concedes that the district court properly calculated his Guidelines range, but contends that his sentence is nonetheless unreasonable because of the application of § 2L1.2(b)(1)(A). While the district court was free to consider policy decisions behind the Guidelines, including the presence or absence of empirical data, as part of its consideration of the § 3553(a) factors in this case, see Kimbrough v. United States, 552 U.S. 85 (2007), it was not required to do so, United States v. Mondragon-Santiago, 564 F.3d 357, 366 (5th Cir.), cert. denied, 130 S. Ct. 192 (2009). In addition, Kimbrough did not affect our appellate presumption for sentences within a properly calculated Guideline range. See Mondragon-Santiago, 564 F.3d at 366. Indeed, "[e]ven if the Guidelines are not empirically-grounded, the rationale of Rita undergirding the presumption still holds true: by the time an appeals court reviews a Guidelines sentence, both the Sentencing Commission and the district court have fulfilled their congressional mandate to consider the § 3553(a) factors and have arrived at the same conclusion." Id.

Moreover, courts have routinely rejected the argument that § 2L1.2(b)(1)(A) results in improper double counting. See, e.g., United States v. Duarte, 569 F.3d 528, 529-30 (5th Cir. 2009); United States v. Garcia-Cardenas, 555 F.3d 1049, 1050 (9th Cir. 2009). Double counting is "generally authorized

6

unless the Guidelines expressly prohibit it." <u>United States v. Reevey</u>, 364 F.3d 151, 158 (4th Cir. 2006), and Nolasco-Ramirez has not identified any such prohibition in this case.

We therefore affirm the district court's judgment sentencing Nolasco-Ramirez to 96 months' imprisonment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>