**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

FELIPE DE JESUS OLVERA-CAMPOS,

Defendant - Appellant.

No. 10-50050

D.C. No. 3:08-cr-04390-BTM-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Barry T. Moskowitz, District Judge, Presiding

Submitted September 13, 2010[**]

Before: SILVERMAN, CALLAHAN and N.R. SMITH, Circuit Judges.

Felipe Olvera-Campos appeals the sentence imposed following his guilty

plea to illegal reentry after deportation in violation of 8 U.S.C. § 1326.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Olvera-Campos contends that the district court erred when it imposed a sentence in excess of the two-year statutory maximum under 8 U.S.C. § 1326. He asserts that *Almendarez-Torres v. United States*, 523 U.S. 224, 226-27 (1998), has been effectively overruled by *Nijhawan v. Holder*, 129 S. Ct. 2294 (2009). This contention lacks merit. *Almendarez-Torres* has never been expressly overruled and continues to constitute binding precedent. *See, e.g., United States v. Garcia-Cardenas*, 555 F.3d 1049, 1051 (9th Cir. 2009) (*per curiam*); *United States v. Martinez-Rodriguez*, 472 F.3d 1087, 1093 (9th Cir. 2007).

As Olvera-Campos concedes, his assertion that the district court erred when it applied a 16-level "crime of violence" adjustment under U.S.S.G. § 2L1.2(b)(1)(A)(ii), based on his prior conviction for inflicting corporal injury on a spouse, in violation of California Penal Code § 273.5, is foreclosed. *See United States v. Laurico-Yeno*, 590 F.3d 818, 823 (9th Cir. 2010) (holding that a conviction under California Penal Code § 273.5 is categorically a "crime of violence" under the Guidelines because the offense requires the intentional use of physical force against the person of another).

**AFFIRMED.**