**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-50460 |
| Plaintiff - Appellee, | D.C. No. 3:08-cr-03685-WQH |
| v. | |
| ROBERTO ACEVEDO-RODRIGUEZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Submitted September 13, 2010[**]

Before:  SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

Roberto Acevedo-Rodriguez appeals from the 70-month sentence imposed following his guilty-plea conviction for being a deported alien found in the United States, in violation of 8 U.S.C. § 1326.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Acevedo-Rodriguez contends that the district court did not comply with Federal Rule of Criminal Procedure 32(i)(3)(B) because it failed to address his objection to the presentence report's finding that the statutory maximum of the offense was 20 years. Because this objection is directed to the legal conclusion that a prior conviction can enhance a sentence, not to the fact of the prior conviction itself, the district court did not err by failing to specifically address the objection. *See United States v. Stoterau*, 524 F.3d 988, 1011-12 (9th Cir. 2008).

Acevedo-Rodriguez next argues that his sentence is unconstitutional because the district court enhanced his sentence based on a prior conviction that was not alleged in the indictment, admitted by him, or proven to a jury beyond a reasonable doubt. As Acevedo-Rodriguez concedes, this argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224, 226-27 (1998), and this Court's precedent. *See United States v. Garcia-Cardenas*, 555 F.3d 1049, 1051 (9th Cir.) (per curiam) (stating that this Court has repeatedly rejected constitutional challenges to 8 U.S.C. § 1326(b) and arguments regarding the scope and continued vitality of *Almendarez-Torres*), *cert. denied*, 130 S. Ct. 315 (2009).

Finally, the record belies Acevedo-Rodriguez's contention that the district court did not adequately consider his positive personal history and characteristics under 18 U.S.C. § 3553(a). The district court considered the defense's arguments

in the course of determining Acevedo-Rodriguez's sentence and therefore did not procedurally err. *See Rita v. United States*, 551 U.S. 338, 356-59 (2007); *United States v. Carty*, 520 F.3d 984, 991-92, 995 (9th Cir. 2008) (en banc). Further, considering the totality of the circumstances, including the 18 U.S.C. § 3553(a) sentencing factors, the district court did not abuse its discretion by imposing a sentence at the bottom of the Sentencing Guidelines range. *See Carty*, 520 F.3d at 993.

**AFFIRMED**.