**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-30087 |
| Plaintiff - Appellee, | D.C. No. 6:09-cr-00022-CCL |
| v. | |
| ZOLLIE LOUIS BYRD, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Charles C. Lovell, District Judge, Presiding

Submitted December 14, 2010[**]

Before:    GOODWIN, WALLACE, and CLIFTON, Circuit Judges.

Zollie Louis Byrd appeals from the 68-month sentence imposed following his guilty plea conviction for possession of an unregistered machine gun, in violation of 26 U.S.C. §§ 5841, 5861(d) and 5871. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Byrd contends that the district court erred in using his prior firearms conviction as a basis for imposing a 3-level sentencing enhancement under 18 U.S.C. § 3147, and in calculating his criminal history score. This contention is foreclosed by *United States v. Tavakkoly*, 238 F.3d 1062, 1068 (9th Cir. 2001). *See also Garcia-Cardenas*, 555 F.3d 1049, 1050 (9th Cir. 2009) ("We previously have rejected [defendant's] claim that the use of a prior conviction as a basis for a sentencing enhancement and for calculating a defendant's criminal history score constitutes impermissible double counting.").

Byrd also contends that his sentence is substantively unreasonable because it is longer than necessary in light of his background and the circumstances surrounding his offense. The record reflects that Byrd's guideline sentence is substantively reasonable in light of the totality of the circumstances. *See Gall v. United States*, 552 U.S. 38, 51-52 (2007).

**AFFIRMED.**