**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-50307 |
| Plaintiff - Appellee, | D.C. No. 3:10-cr-02090-BEN |
| v. | |
| TEODORO MARTINEZ-CARMONA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Submitted February 15, 2011[**]

Before:    CANBY, FERNANDEZ, and M. SMITH, Circuit Judges.

Teodoro Martinez-Carmona appeals from the 36-month sentence imposed

following his guilty-plea conviction for being an alien in the United States after

deportation, in violation of 8 U.S.C. § 1326.  We have jurisdiction under 28 U.S.C.

§ 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Relying on *United States v. Reese*, 2 F.3d 870 (9th Circ. 1993), Martinez-Carmona contends that the district court impermissibly engaged in double and triple counting when it relied on prior convictions to calculate the criminal history category, enhance the offense level, and impose an upward variance. However, prior convictions can be used as a basis for sentencing enhancements under U.S.S.G. § 2L1.2 and in calculating a defendant's criminal history score. *See United States v. Garcia-Cardenas*, 555 F.3d 1049, 1050 (9th Cir. 2009) (per curiam). Because the variance was not based on the Guidelines, it could not constitute impermissible double counting. *See Reese*, 2 F.3d at 895.

He next contends that the district court's reliance on judge-found facts to impose an above-Guideline sentence violated *Apprendi v. New Jersey*, 530 U.S. 466 (2000). This contention fails as the sentence was imposed under the advisory Guidelines and did not exceed the statutory maximum sentence, as established by the statute of conviction. *See United States v. Booker*, 543 U.S. 220 (2005); *see also United States v. Ameline*, 409 F.3d 1073, 1077-78 (9th Cir. 2005)(en banc).

To the extent Martinez-Carmona argues that his sentence is substantively unreasonable, the record reflects that the sentence imposed is substantively reasonable in light of the totality of the circumstances and the factors set forth in 18 U.S.C. § 3553(a). *See Gall v. United States*, 552 U.S. 38, 51-52 (2007); *see*

*also United States v. Orlando*, 553 F.3d 1235, 1239 (9th Cir. 2009) (sentence with upward variance was substantively reasonable where the district court reasonably found the Guideline sentence insufficient to provide the necessary deterrence, to address the need for the defendant to learn respect for the law, and to reflect the nature of the defendant's criminal history).

**AFFIRMED.**