**NOT FOR PUBLICATION**

FILED

APR 05 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-50011 |
| Plaintiff - Appellee, | D.C. No. 3:08-cr-04127-WQH-1 |
| v. | |
| CARLOS U. LOBO, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Argued and Submitted February 8, 2011
Pasadena, California

Before: PREGERSON, WARDLAW, and BEA, Circuit Judges.

Carlos U. Lobo ("Lobo") appeals his jury conviction and 70-month sentence

for reentering the United States without authorization after having been removed in

violation of 8 U.S.C. § 1326.  We affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

1

A. Lobo's Second Motion to Substitute Court-Appointed Counsel

The district court did not abuse its discretion by denying Lobo's second motion for substitution of appointed counsel. We consider the three factors stated in United States v. Mendez-Sanchez, 563 F.3d 935, 942 (9th Cir. 2009).

Lobo submitted his second motion to substitute counsel on the eve of trial. "It is within the trial judge's discretion to deny a motion to substitute made during or on the eve of trial if the substitution would require a continuance." United States v. McClendon, 782 F.2d 785, 789 (9th Cir. 1986). Given that granting Lobo's request likely would have required a substantial continuance, it was not an abuse of discretion for the court to deny the motion.

Moreover, the district court's inquiry into Lobo's complaint was adequate. This was Lobo's second motion to substitute appointed counsel, made substantively for the same reason he requested that his first appointed defender be removed. The district court inquired into the crux of the disagreement between Lobo and his counsel, asking specific and targeted questions about Lobo's dissatisfaction with his counsel's performance. See United States v. Adelzo-Gonzalez, 268 F.3d 772, 777-78 (9th Cir. 2001). Lobo's description of the problems he had with his appointed counsel, along with the district court's questions and observations, gave the court "a sufficient basis for reaching an

informed decision." McClendon, 782 F.2d at 789. Although Lobo suggests that the district court failed to inquire into Lobo's choice to proceed to trial rather than plead guilty, this did not render the district court's inquiry inadequate. Lobo could have pled guilty at any time, and the district court's inquiry established that the source of Lobo's conflict with his attorney was his insistence on collaterally attacking his state conviction in the federal proceeding.

Finally, the attorney-client relationship was not so irreconcilable as to deny Lobo effective assistance of counsel, nor did it result in Lobo's inability to present an adequate defense. While the relationship between Lobo and his appointed counsel was strained, Lobo's case is missing the "striking signs of serious conflict" that indicate a significant breakdown in communication. Adelzo-Gonzalez, 268 F.3d at 774-75, 778-79. Moreover, there is no indication that the breakdown in communication between Lobo and his counsel prevented Lobo's appointed counsel from presenting an adequate defense on the § 1326 charge of illegal reentry. Instead, the conflict between Lobo and both of his attorneys arose out of Lobo's "general unreasonableness," and "[i]t is unclear what could have been done differently." Mendez-Sanchez, 563 F.3d at 944. Given that Lobo's frustration arose from the inability to collaterally attack his prior state conviction, it is unlikely that granting his motion to substitute counsel would have precluded a

similar complaint about any newly substituted counsel. Thus, the district court properly exercised its discretion when it rejected Lobo's second motion for substitution of counsel.

B. The Reasonableness of Lobo's Sentence

"[A]ppellate review of sentencing decisions is limited to determining whether they are 'reasonable.'" Gall v. United States, 552 U.S. 38, 46 (2007); see also United States v. Cantrell, 433 F.3d 1269, 1280 (9th Cir. 2009). An "abuse-of-discretion standard of review now applies to appellate review of sentencing decisions." Gall, 552 U.S. at 46.

The district court's sentence correctly calculated Lobo's Sentencing Guidelines range as 63 to 78 months and considered all of the 18 U.S.C. § 3553(a) factors in its determination. The district court reduced Lobo's total offense level by two points based on acceptance of responsibility and considered many factors weighing in Lobo's favor. The district court also gave sufficient consideration to Lobo's reasons for returning to the United States without authorization, including his desire to reunite with his family, and took as true Lobo's claim that he was under duress to leave Honduras. However, the district court found that Lobo's history and characteristics were particularly aggravated by his prior criminal record and merited a sentence sufficient to protect the public and to deter Lobo from

committing further criminal activity. Thus, Lobo's 70-month sentence for violating 8 U.S.C. § 1326 was not unreasonable.

## C. Lobo's Remaining Claims

We have previously held that a warrant of deportation is non-testimonial because it is not made in anticipation of litigation. United States v. Orozco-Acosta, 607 F.3d 1156, 1163 (9th Cir. 2010). Thus, the admission of Lobo's warrant of deportation into evidence was not a violation of Lobo's Sixth Amendment Confrontation Clause rights. Id.

We have also previously rejected arguments that United States v. Booker, 543 U.S. 220, 231 (2005), abrogated the Supreme Court's holding in Almendarez-Torres v. United States, 523 U.S. 224, 226-27 (1998), that a district court can enhance a defendant's base offense level under the Guidelines and increase his criminal history category even if a jury did not make any findings about the defendant's prior record. See, e.g., United States v. Garcia-Cardenas, 555 F.3d 1049, 1051 (9th Cir. 2009) (per curiam), cert. denied, 130 S. Ct. 315 (2009).

**AFFIRMED.**